IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS KEVIN JENKINS, #901396       *
      Plaintiff,
v.                                         *     CIVIL ACTION NO. JFM-17-2868

THEODORE D. CHUANG *Judge, United*   *
*States District Court for the District of*
*Maryland*                                   *
JOSEPH BALDWIN *Prosecutor, United States*
*Attorney's Office, District of Maryland,*   *
*Greenbelt*
      Defendants.               *
                                    *****

## **MEMORANDUM**

On August 2, 2017, plaintiff Thomas Kevin Jenkins filed this self-represented action captioned as a "Federal Tort Claim" in the United States District Court for the District of Columbia, seeking compensatory, nominal and punitive damages totaling $1,500,000.00.[1] The case was ordered transferred to this court on September 6, 2017, and received by the Clerk on October 5, 2017. Jenkins' motion for leave to proceed in forma pauperis shall be granted. The complaint, however, is summarily dismissed.

The in forma pauperis statute authorizes a district court to dismiss a case if satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] According to the Bureau of Prisons inmate locator website, Jenkins is currently confined the Federal Medical Center at Butner, P. O. Box 1600, Butner, North Carolina 27509.

Because Jenkins is proceeding in forma pauperis, the court must conduct a sua sponte screening of his complaint. It must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

Jenkins complains that the "prompt and impartial administration of justice" has been hindered in his pending federal criminal case of *United States v. Jenkins*, Criminal No. TDC-15-492 (D. Md.). He primarily takes issue with the denial of his request to represent himself, his numerous *pro se* motions being "overlooked" by presiding Judge Theodore D. Chuang, and the ordering of competency examinations. ECF No. 1.

Jenkins' claims are subject to dismissal as filed against United States District Court Judge Chuang who is entitled to absolute immunity. It is well-established that judges, in exercising the authority vested in them, are absolutely immune from civil lawsuits for money damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Chu v. Griffith,* 771 F.2d 79, 81 (4th Cir. 1985); *see also Mandel v. O'Hara,* 320 Md. 103, 107, 576 S.2d 766, 768 (1990) ("Absolute 'immunity protects ... judges ... so long as their acts are "judicial" ... in nature and within the very general scope of their jurisdiction' "). Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority. *See Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978). Essentially, a judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter. *See King v. Myers,* 973 F.2d 354, 356–57 (4th Cir. 1992).

Accordingly, a plaintiff alleging a claim for money damages against a judge can overcome absolute judicial immunity only by showing (1) the judge's actions were taken outside of the judge's judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *Id.* Jenkins has not made such a showing.

Further, the complaint for damages may not proceed against prosecutor Baldwin. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). General decisions whether or not to prosecute a case fall within that parameter.

Because Jenkins' prisoner case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[2] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal

---

[2] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[3] This constitutes the first § 1915(e) strike to be assessed against Jenkins. A separate order follows.

Date: 10/6/17

/s/
Frederick Motz
United States District Judge

---

[3] 28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, unless danger of imminent and serious physical harm is shown.

CLERK'S OFFICE
2017 OCT 14 AM 10:39
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED